IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JACQUELINE IRELAND, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | NO. 4:18-cv-208 |
| | § | |
| AMERICAN AIRLINES, INC & | § | |
| AMERICAN AIRLINES GROUP, INC. | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF JACQUELINE IRELAND'S ORIGINAL COMPLAINT & JURY DEMAND

## INTRODUCTION

Jacqueline Ireland (hereinafter "Jackie Ireland," "Ms. Ireland," or "Plaintiff"), brings this Complaint against Defendants American Airlines, Inc. and American Airlines Group, Inc. (collectively "American Airlines" or "Defendant") to recover for the Defendant's unlawful harassment, hostile work environment, retaliation against Ms. Ireland in violation of the Americans with Disabilities Act and Title VII of the Civil Rights Act of 1964, as amended.

In support of her Complaint before this Honorable Court, Ms. Ireland would show as follows:

## I.    JURISDICTION AND VENUE

1.    Jurisdiction over Ms. Ireland's federal claim is proper in the Northern District of Texas under 28 U.S.C. § 1331 because there is a federal question about whether AT&T violated USERRA.

2.      Venue is appropriate in the Northern District of Texas under 28 U.S.C. § 1391 because American Airlines's principle office is in the Northern District of Texas, and the events that gave rise to this Suit accrued in the Northern District of Texas.

## II.      PARTIES

3.      Plaintiff Ms. Ireland, at all relevant times, was and is an American citizen of the United States, a resident of the Northern District of Texas, and is over the age of eighteen (18) years.  Jackie Ireland may be served through his attorneys of record, Joshua Graham & Associates, PLLC at 100 E 15th Street, Suite 635, Fort Worth, Texas 76102.

4.      Defendant American Airlines Group, Inc. ("AA Parent Company") is a company within the meaning of the Americans with Disabilities Act and the Title VII of the Civil Rights Act in that it is a person, institution, organization, or other entity to whom the employer has delegated the performance of employer-related responsibilities.  Defendant American Airlines Group, Inc. may be served by and through its registered agent, CT Corporation, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.      Defendant American Airlines, Inc. ("American Airlines") is a company within the meaning of the Americans with Disabilities Act and Title VII of the Civil Rights Act in that it is a person, institution, organization, or other entity to whom the employer has delegated the performance of employer-related responsibilities.  Defendant American Airlines, Inc. may be served by and through its registered agent, CT Corporation, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      American Airlines Group, Inc. was formed when American Airlines, Inc., and US Airways merged.  For the purposes of this Suit, American Airlines Group, Inc., and American

Airlines, Inc., are used interchangeably because they are either one in the same company, each other's alter-egos, or successors in interest.

### III.        NOTICE OF DATA RETENTION

7.      Plaintiff attaches hereto as Exhibit A, and incorporates by reference for all purposes, an anti-spoliation letter directed to Defendant American Airlines, Inc.

### IV.        FACTS

#### JACKIE IRELAND'S EMPLOYMENT WITH AMERICAN AIRLINES

8.      Ms. Ireland was employed by American Airlines as an aircraft mechanic for approximately 22 years.

9.      American Airlines hired Ms. Ireland on January 22, 1996.

10.     Ms. Ireland was female.

11.     American Airlines hires predominately male aircraft mechanics.

12.     The overwhelming majority of American Airlines's mechanics are male.

13.     Ms. Ireland's work performance was satisfactory.

#### CO-WORKERS HARASS JACKIE IRELAND

14.     Ms. Ireland's co-workers made sexually-oriented jokes in Ms. Ireland's presence.

15.     Ms. Ireland's co-workers made sexually-oriented gestures in Ms. Ireland's presence.

16.     Ms. Ireland's co-workers grabbed their crotch and used their fingers to simulate an erection in Ms. Ireland's presence.

17.     Ms. Ireland complained to American Airlines.

18.     Ms. Ireland, like many other aircraft mechanics, stored her lunches in a refrigerator shared with other employees.

19.     After Ms. Ireland complained to American Airlines about her co-workers' harassment, she noticed a strange taste in her food.  Ms. Ireland suspected that someone tampered with her food and water bottle causing her to suffer from severe diarrhea.  Ms. Ireland reported this to American Airlines.

20.     Ms. Ireland stored her lunch and water bottle in her personal vehicle and the diarrhea subsided.

21.     Ms. Ireland again stored her lunch and water bottle in the common refrigerator. Again, Ms. Ireland noticed a strange taste in her food and suffered from severe diarrhea.  Ms. Ireland reported to American Airlines that she suspected that her co-workers, the same co-workers that she complained about sexually harassing her, tampered with her food.

### AMERICAN AIRLINES'S DISCRIMINATION AGAINST MS. IRELAND

22.     Rather than take Ms. Ireland's reports of sexual harassment and retaliation seriously, American Airlines referred Ms. Ireland to the company's Employee Assistance Program.

23.     On July 24, 2017, American Airlines placed Ms. Ireland on sick leave.

24.     After American Airlines refused to take Ms. Ireland's complaints seriously, she filed a police report, documenting her suspicions that her co-workers had tampered with her food.

25.     Rather than consider that perhaps Ms. Ireland's complaints were not frivolous, American Airlines responded to Ms. Ireland's police report by sending Ms. Ireland to a psychiatrist for an evaluation.

26.     American Airlines provided the psychiatrist with information that was intended to create bias so that the psychiatrist would find that Ms. Ireland was not fit for duty.

27.     American Airlines's psychiatrist did not have a reasonable basis to form his opinion that Ms. Ireland was not fit for duty.

28.     But for American Airlines's influence, the psychiatrist would not have formed an opinion that Ms. Ireland was not fit for duty.

29.     Ms. Ireland was later evaluated and determined that she was misdiagnosed.

30.     There is no reason why Ms. Ireland should not be allowed to return to work.

31.     American Airlines has not allowed Ms. Ireland to return to work.

### JACKIE IRELAND'S PROTECTED ACTIVITY

32.     Ms. Ireland engaged in protected activity when she complained to American Airlines that her co-workers engaged in sexually-oriented conversations.

33.     Ms. Ireland engaged in protected activity when she complained to American Airlines that her co-workers engaged in sexually-oriented hand gestures.

34.     Ms. Ireland engaged in protected activity when she complained to American Airlines that she suspected her co-workers tampered with her food and water.

35.     Ms. Ireland engaged in protected activity when she filed a police report complaining of her co-worker's harassment.

### AMERICAN AIRLINES'S RETALIATION AGAINST JACKIE IRELAND

36.     American Airlines retaliated against Jackie Ireland by referring her to the Employee Assistance Program, implying that she was crazy.

37.     American Airlines retaliated against Jackie Ireland by removing her from duty.

38.     American Airlines retaliated against Jackie Ireland by referring her to a psychiatrist, implying that she was crazy.

39.     American Airlines retaliated against Jackie Ireland by engaging in victim blaming.

40.     American Airlines retaliated against Jackie Ireland by engaging in victim shaming.

## V.        ADMINISTRATIVE BACKGROUND

41.     Plaintiff Jackie Ireland timely dual-filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the anti-discrimination and anti-retaliation provisions of Title VII as well as discrimination based on disability.  Ms. Jackie Ireland received a Notice of Right-to-Sue letter dated, December 12, 2017, on or about December 17, 2017. Ms. Ireland's Charge of Discrimination and Right-to-Sue Letter are attached hereto as Exhibit B and Exhibit C respectively.

42.     Ms. Ireland timely brings this suit within 90 days after receiving final disposition of her claim from the EEOC.  Ms. Ireland alleges herein that she was sexually harassed and discriminated against because of both her sex (Female) and disability when she was denied employment opportunities with American Airlines in violation of Title VII and the Americans with Disabilities Act.

43.     Ms. Ireland alleges herein that American Airlines retaliated against her in violation of the Title VII.

44.     Ms. Ireland alleges herein that American Airlines discriminated against her in violation of the Americans with Disabilities Act.


## CAUSES OF ACTION


## VI.        JACKIE IRELAND'S REQUEST FOR DECLARATORY JUDGEMENT

45.     Jackie Ireland realleges and incorporates herein the allegations contained in each and every preceding paragraph as if fully stated herein.

46.    Jackie Ireland requests that this Court, after hearing testimony and evidence, declare that Jackie Ireland is fit for duty and ordering American Airlines to immediately reinstate her to work.

## VII.    JACKIE IRELAND'S FIRST CAUSE OF ACTION: DISCRIMINATION BASED ON SEX

47.    Jackie Ireland realleges and incorporates herein the allegations contained in each and every preceding paragraph as if fully stated herein.

48.    Ms. Ireland was at all relevant times an employee covered by the Civil Rights Act of 1964, as amended.

49.    American Airlines was at all relevant times an employer within the meaning of the Civil Rights Act of 1964, as amended.

50.    Ms. Ireland was a member of a protected class in that she was female.

51.    American Airlines unlawfully discriminated against Ms. Ireland based on her sex when it failed to properly admonish and discipline Ms. Ireland's male co-workers for engaging in sexual harassment.

52.    American Airlines unlawfully discriminated against Ms. Ireland based on her sex when it failed to take Ms. Ireland's complaints seriously because "boys will boys."

53.    American Airlines unlawfully discriminated against Ms. Ireland when it admonished Ms. Ireland for choosing a man's job.

54.    American Airlines unlawfully discriminated against Ms. Ireland when it failed to provide Ms. Ireland a workplace free from sexual harassment.

55.    American Airlines unlawfully discriminated against Ms. Ireland when it placed her on leave rather than addressing her complaints of unlawful harassment.

56.     American Airlines unlawfully discriminated against Ms. Ireland when it treated her less favorably than similarly situated male employees.

57.     American Airlines caused Ms. Ireland to suffer harm.


## VIII.     JACKIE IRELAND'S SECOND CAUSE OF ACTION: SEXUAL HARASSMENT

58.     Jackie Ireland realleges and incorporates herein the allegations contained in each and every preceding paragraph as if fully stated herein.

59.     Ms. Ireland was at all relevant times an employee covered by the Civil Rights Act of 1964, as amended.

60.     American Airlines was at all relevant times an employer within the meaning of the Civil Rights Act of 1964, as amended.

61.     Ms. Ireland was a member of a protected class in that she was female.

62.     American Airlines engaged in unlawful sexual harassment against Ms. Ireland when it failed to properly admonish and discipline Ms. Ireland's male co-workers for engaging in sexual harassment.

63.     American Airlines engaged in unlawful sexual harassment against Ms. Ireland when it failed to take Ms. Ireland's complaints seriously because "boys will boys."

64.     American Airlines engaged in unlawful sexual harassment when it ratified its employee's behavior by failing to take corrective action to protect Ms. Ireland from unlawful sexual harassment.

65.     American Airlines unlawfully discriminated against Ms. Ireland when it placed her on leave rather than addressing her complaints of unlawful sexual harassment.

66.     American Airlines caused Ms. Ireland to suffer harm.

### IX.      JACKIE IRELAND'S THIRD CAUSE OF ACTION:  HOSTILE WORK ENVIRONMENT

67.      Jackie Ireland realleges and incorporates herein the allegations contained in each and every preceding paragraph as if fully stated herein.

68.      Ms. Ireland was at all relevant times an employee covered by the Civil Rights Act of 1964, as amended.

69.      American Airlines was at all relevant times an employer within the meaning of the Civil Rights Act of 1964, as amended.

70.      Ms. Ireland was a member of a protected class in that she was female.

71.      American Airlines created a hostile work environment when it failed to properly admonish and discipline Ms. Ireland's male co-workers for engaging in sexual harassment.

72.      American Airlines created a hostile work environment when it failed to take Ms. Ireland's complaints seriously because "boys will boys."

73.      American Airlines created a hostile work environment when it admonished Ms. Ireland for choosing a man's job.

74.      American Airlines created a hostile work environment when it failed to provide Ms. Ireland a workplace free from sexual harassment.

75.      American Airlines created a hostile work environment when it placed Ms. Ireland on leave rather than addressing her complaints of unlawful harassment.

76.      American Airlines caused Ms. Ireland to suffer harm.

### X.      JACKIE IRELAND'S FOURTH CAUSE OF ACTION:  RETALIATION

77.      Jackie Ireland realleges and incorporates herein the allegations contained in each and every preceding paragraph as if fully stated herein.

78.     Ms. Ireland was at all relevant times an employee covered by the Civil Rights Act of 1964, as amended.

79.     American Airlines was at all relevant times an employer within the meaning of the Civil Rights Act of 1964, as amended.

80.     Ms. Ireland was a member of a protected class in that she was female.

81.     Ms. Ireland engaged in protected activity when she complained to American Airlines about what she perceived to be sexual harassment.

82.     Ms. Ireland engaged in protected activity when she complained to American Airlines about what she perceived to be discrimination based on her sex.

83.     Ms. Ireland engaged in protected activity when she complained to American Airlines about what she perceived to be employees tampering with her food and drink as a means to unlawfully harass Ms. Ireland.

84.     Ms. Ireland engaged in protected activity when she complained to law enforcement about what she perceived to be employees tampering with her food and drink as a means to unlawfully harass Ms. Ireland.

85.     American Airlines knew about Ms. Ireland's protected activity.

86.     American Airlines took adverse employment action against Ms. Ireland by placing her on sick leave.

87.     American Airlines took adverse employment action against Ms. Ireland by sending her to see a psychiatrist.

88.     American Airlines took adverse employment action against Ms. Ireland by providing the psychiatrist information about Ms. Ireland with the intent to bias the psychiatrist against Ms. Ireland.

89.     The proximity between the time that Ms. Ireland engaged in protected activity and when American Airlines took adverse employment action against Ms. Ireland creates a nexus between the two events.

90.     Ms. Ireland's protected activity was a contributing factor in the adverse action that American Airlines took against Ms. Ireland.

91.      American Airlines caused Ms. Ireland to suffer harm.

## XI.     JACKIE IRELAND'S FIFTH CAUSE OF ACTION:   FAILURE TO ACCOMMODATE UNDER THE AMERICAN'S WITH DISABILITIES ACT

92.     Jackie Ireland realleges and incorporates herein the allegations contained in each and every preceding paragraph as if fully stated herein.

93.     Ms. Ireland was at all relevant times an employee covered by the Americans with Disabilities Act.

94.     American Airlines was at all relevant times an employer within the meaning of the Americans with Disabilities Act.

95.     American Airlines had a duty to offer Ms. Ireland a reasonable accommodation.

96.     American Airlines had a duty to provide Ms. Ireland a reasonable accommodation.

97.     American Airlines knew or should have known that Ms. Ireland required a reasonable accommodation.

98.     With minimal effort, American Airlines could have reasonably accommodated Ms. Ireland.

99.     American Airlines breached its duty to offer Ms. Ireland with a reasonable accommodation.

100.    American Airlines breached its duty to offer Ms. Ireland with a reasonable accommodation.

101.    American Airlines unlawfully discriminated against Ms. Ireland because of her disability.

102.    American Airlines caused Ms. Ireland to suffer harm.

103.    But for American Airlines's failure to offer Ms. Ireland a reasonable accommodation, Ms. Ireland would not have suffered damages or would have suffered less damages than she did.

104.    But for American Airlines's failure to provide Ms. Ireland a reasonable accommodation, Ms. Ireland would not have suffered damages or would have suffered less damages than she did.

## XII.      DAMAGES

105.    Ms. Ireland realleges and incorporates herein the allegations contained in each and every preceding paragraph as if fully stated herein.

106.    Due to American Airlines's actions, including but not limited to Plaintiff's ultimate constructive termination, Jackie Ireland suffered, and continue to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

107.    American Airline's actions reference in each and every preceding paragraph were willful, entitling Rhonda Bannister to liquidated damages under the Americans with Disabilities Act.

108.    American Airlines's actions reference in each and every preceding paragraph were intentional, malicious, and committed with reckless indifference to Jackie Ireland's federally-protected rights, entitling Jackie Ireland to compensatory and punitive damages.

109.    Americans Airlines's actions referenced in each and every preceding paragraph caused Jackie Ireland to retain the services of attorneys Joshua Graham & Associates, PLLC in order to pursue her federal rights in this action.  Jackie Ireland seeks reasonable attorneys' fees and costs in this Matter.

## XIII.        REQUEST FOR RELIEF

WHEREFORE, Plaintiff Jackie Ireland respectfully requests that Defendant American Airlines be cited to appear and answer, and that after a trial by jury, Plaintiff Jackie Ireland take judgment against American Airlines as follows:

a. Judgment against American Airlines for a sum within the jurisdictional limits of this Court;

b. Economic damages including back pay;

c. Reinstatement if reinstatement is deemed feasible.  If reinstatement is not deemed feasible, economic damages including front pay;

d. Compensatory damages;

e. Consequential damages

f. Actual damages including out-of-pocket losses incurred by Plaintiff Jackie Ireland;

g. Pre-judgment interest in the maximum amount allowed by law;

h. Post-judgment interest in the maximum amount allowed by law;

i. Reasonable and necessary attorneys' fees;

j. Costs of suit;

k. Appellate attorneys' fees; and

l. Such other and further relief to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff exercises his right to a trial by jury and tenders the appropriate fee with this Complaint.

Respectfully Submitted,

By: _____

**Joshua Graham & Associates, PLLC**
100 E. 15th Street, Suite 635
Fort Worth, Texas 76102
Phone: 817-789-4000
Fax: 817-789-4001

Joshua Stewart Graham
Bar No. 24080736
jsg@joshuagraham.com

**ATTORNEYS FOR JACKIE IRELAND**

EXHIBIT A



JOSHUA GRAHAM

jsg@joshuagraham.com

Water Gardens Place
100 E. 15th Street, Suite 635
Fort Worth, Texas 76102
Tel (817) 789-4000
Fax (817) 789-4001
www.joshuagraham.com

March 13, 2018

__*Via U.S. Mail*__
American Airlines Group, Inc.
American Airlines, Inc.
c/o CT Corporation
1999 Bryan Street, Suite 900
Dallas, Texas 75201

**Re:  *Anti-Spoliation – Jacqueline Ireland***

Dear CT Corporation, on behalf of American Airlines Group Inc. and American Airlines Inc.,

In anticipation of litigation, this anti-spoliation applies to you and each and every entity that you own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof, or any other entities for which you or American Airlines Group Inc. or American Airlines Inc. have access to the computer system or computer network (Collectively "*you" or "your"*).

Our client, Jacqueline Ireland, considers documentary evidence and electronic data to be valuable sources of discovery and/or evidence in this matter. You should be aware that there is a prohibition against the intentional or negligent destruction of evidence. "Evidence spoliation is a serious problem that can have a devastating effect on the administration of justice." *Trevino v. Ortega*, 969 S.W.2d 950, 954 (Tex. 1998) (Baker, J., concurring).

The laws and rules prohibiting destruction of evidence apply to electronic data with the same force as they apply to other types of evidence. Because electronic evidence is particularly susceptible to spoliation, we demand that you make the following computers (the "Subject Computers") available to an expert designated by our Client:

1.  All laptop computers owned or used by you or assigned to you, which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa,

Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and

2. All desktop computers owned or used by you or assigned to you, which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa, Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and

3. All tablet computers owned or used by you or assigned to you, which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa, Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and

4. All cellular telephones owned or used by you or assigned to you, which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa, Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and

5.  All terminals telephones owned or used by you or assigned to you, which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa, Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and

6.  All laptop computers owned or used by you or assigned to you, which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa, Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and

7.  All desktop computers owned or used by you or assigned to you, which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa, Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and

8.  All tablet computers owned or used by you or assigned to you, which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden,

Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa, Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and

9. All cellular telephones owned or used by you or assigned to you, which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa, Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and

10. All terminals owned or used by you or assigned to you that were and are permitted to connect to any internal local area network, external network, wide-area network, or virtual private network, electronic mail server, voice mail system, or any other electronic means which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, information about Jonathan McGee, co-signer, auto loan, Digital Federal Credit Union, Navy Federal Credit Union, Pentagon Federal Credit Union, and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and all file servers, print servers, mail servers, lightweight directory access servers, web servers, real-time communication servers, file transfer protocol (FTP) servers, collaboration servers, list servers, telnet servers, virtual servers, backup servers, voicemail servers, application servers, customer relationship management servers, human capital management servers, financial capital management servers, mobile platform servers, skip trace servers, proxy servers, virtual private networking servers, owned or used by you which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa,

Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof.

Our expert will inspect and make an image of the Subject Computers' storage media in order to preserve critical evidence. Pending that inspection, we demand that you take steps to preserve that evidence as follows:

1.      **Electronic Data To Be Preserved**

The following types of electronic data and/or the electronic data should be preserved in accordance with the steps set out in ¶¶ 2-8 below:

    a.      all electronic mail and information about electronic mail (including message contents, header information and logs of electronic mail systems usage) sent or received by anyone;

    b.      all other electronic mail and information about electronic mail (including message contents, header information arid logs of electronic mail system usage);

    c.      all data bases (including all records and field structural information in such databases);

    d.      all logs of activity on any computer system which may have been used to process or store electronic data;

    e.      all word processing files and file fragments;

    f.      with regard to electronic data created by application programs which process financial, accounting and billing information, all electronic data files and file fragments;

    g.      all files and file fragments containing information from electronic calendars and scheduling programs;

    h.      all electronic data files and file fragments created or used by electronic

spreadsheet programs;

i.       all short message service messages (text messages), multimedia messaging service (digital photographs and digital video);

j.       all digital photographs and related print productions of digital photographs;

k.       all digital video;

l.       all audio recording;

m.      all metadata;

n.       all global positioning system, geographic location service, or any other system or containing longitude and latitude coordinates;

o.       all travel data including, but not limited to, travel booked on common carriers, flight plans, and any other travel data stored in any system;

p.       all documents about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa, Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof; and

q.       all other electronic data.

**2.      Specific actions that must be taken:**

Pending inspection of the Subject Computers and in order to preserve the integrity of the data we demand that you:

a.       disable all maintenance programs;

b.       disable all "scheduled tasks";

c.       disable all system automatic update functions, including but not limited to electronic "wiping" programs, electronic removal programs, and

electronic cleaning programs; and

    d.       disable all virus scanner program automatic update functions.

**3.     Specific actions that must not be taken:**

Pending inspection of the Subject Computers and in order to preserve the integrity of the data, we demand that you not:

    a.       delete any files, emails, logs, or other data;

    b.       perform any system maintenance;

    c.       perform any "defragmentation" activities;

    d.       perform any disk clean-up activities, including but not limited to "scandisk";

    e.       add or remove any software or software patches including, without limitation, the operating system itself; and

    f.       dispose of any of the Subject Computers or any components thereof; and

    g.       refrain from accessing any target system owned or possessed by any individual named in this letter.

**4.     Off-Line Data Storage, Backups, and Archives, Floppy Diskettes, Zip Drives, and Zip Files, Tapes, Compact Diskettes, Hand Held Devices, Disconnected or External Hard Drives, Cellphones, Blackberrys, Flash Cards, Thumbs Drives, and other Removable Electronic Media:**

Regarding all electronic media used for off-line storage, including magnetic tapes and cartridges and other media, which contain any electronic information meeting the criteria listed above, stop any activity which may result in the loss of such electronic data, including rotation, destruction, overwriting, and/or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage which may contain any data, communications, or fragments of data about you, your financials, contracts, employment data, meeting minutes, memoranda, information about Jacqueline Ireland, Jackie Ireland, Jeremy Yubeta, Elizabeth Cadle, Karen Gillen, Mike Davenport, Michael Davenport, Bruce Broaden, Brian Nickelsen, Laura Kobe, Debbie Jones, Linda Constantine, Laura Hippa, Kim Smith, Ryan Baniaga, Daryl Wright, Andrew Johnson, Andy Johnson, Shawn Murphy, Matthew Baytos, James Wagnor, Jared Windisch, Mark J. Blotcky, American Airlines Group Inc., American

Airlines Inc., and any entities that any of the preceding parties own or are affiliated with, its employees, officers, directors, members, partners, assignees, designees, affiliates, subsidiaries, investors, and/or representative agents thereof.

This paragraph includes any off-schedule, unofficial, ad hoc, and unplanned backups or images taken during the process of adding servicers or computers, moving servers or computers, changing servers or computers, and upgrading servers or computers.

5. **Replacement of Data Storage Devices:**

Do not dispose of any electronic data storage devices and/or media, which may be replaced due to failure and/or for other reasons that may contain electronic data meeting the criteria listed above.

6. **Fixed Drives on Stand-Alone Personal Computers and Network Workstations**

Regarding electronic data meeting the criteria listed above, which existed on fixed drivers attached to stand-alone microcomputers and/or network workstations at the time of this letter's delivery: do not alter or erase electronic data and do not perform other procedures (such as data compression and disk re-fragmentation or optimization routines) which may impact such data, unless a true and correct copy has been made of such arrive files and of completely restored versions of such deleted electronic files and file fragments. In addition, copies should be made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements should be made to preserve such copies.

For the purpose of our demand, the same applies to any virtual computer, workstation, thin client, or server.

7. **Programs and Utilities**

Preserve copies of all application programs and utilities that may be used to process electronic data covered by this letter.

8. **Cellular Telephones & Tablet Devices**

Preserve copies of all backups, encryption keys, and any other data that has been stored online, offline, or on the actual device.

9. **Log of System Modifications**:

Maintain an activity log to document modifications made to any electronic data processing system that may affect any system's capability to process any electronic data meeting the criteria listed above, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third parties.

This letter and any information contained herein are without prejudice to our client's rights and remedies available at law or in equity, all of which are expressly reserved.


Respectfully,

Joshua Graham

EXHIBIT B

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form | ☐ FEPA | |
| | ☒ EEOC | 540-2018-00785 |
| | | and EEOC |

| State or local Agency, if any |
|---|

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Jackie Ireland | (817) 637-1652 | 1964 |

| Street Address | City, State and ZIP Code |
|---|---|
| 337 Navajo Dr., Keller, TX 76248 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No (Include Area Code) |
|---|---|---|
| AMERICAN AIRLINES | 500 or More | (972) 425-9851 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2901 E. 28th St., Md 1127,  Dallas, TX 75261 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest                Latest |
| ☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN | 11-27-2017 |
| ☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION | |
| ☐ OTHER (Specify) | ☒ CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or around January 22, 1996, I was hired by the above mentioned employer. My most recent position is Aircraft Maintenance.

From May to August 2017, Male coworkers were harassing me I reported the treatment to management. Respondent conducted an investigation however it was closed.

On August 15, 2017, I was placed on medical leave of absence. I am currently pending return to work.

On or around October 20, 2017, I filed a grievance with Respondent.

I believe I have been discriminated against because of my sex (female) and retaliated against for reporting the harassment to management in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the above is true and correct. | SIGNATURE OF COMPLAINANT |
| | |
| Nov 27, 2017   _Jackie Ireland_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date              Charging Party Signature | 17 11 27 AM09 45 EEOC-FXDD |

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

EXHIBIT C

## DISMISSAL AND NOTICE OF RIGHTS

To:  **Jackie Ireland**
     **337 Navajo Dr.**
     **Keller, TX 76248**

From:  **Phoenix District Office**
       **3300 North Central Ave**
       **Suite 690**
       **Phoenix, AZ 85012**

| | | |
|---|---|---|
| [ ] | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **540-2018-00785** | **Jeremy Yubeta,** **Supervisory Investigator** | **(602) 640-5028** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____
**Elizabeth Cadle,**
**District Director**

DEC 1 2 2017

*(Date Mailed)*

Enclosures(s)

cc:   **Karen Gillen**
      **Associate General Counsel**
      **AMERICAN AIRLINES GROUP DBA AMERICAN**
      **AIRLINES & US AIRWAYS**
      **111 W. Rio Salado Pkwy.**
      **Tempe, AZ 85281**